1  **Kathleen P. March  CA BAR # 80366**
**The BANKRUPTCY LAW FIRM, P.C.**
2  10524 West Pico Boulevard, Suite 212
Los Angeles, California 90064
3  Telephone: 310-559-9224
Fax: 310-559-9133
4  E-mail: kmarch@BKYLAWFIRM.com
Counsel for secured creditor Kelly Dube, Appellee
5

6
**UNITED STATES BANKRUPTCY COURT**
7
**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**
8
| In re. | ) | Chapter 11 |
|---|---|---|
9  | | ) | Case  No. 2:17-bk-17890-SK |
10  | BARRY I. JUDENFRIEND | ) | **FIRST GREEN NIMROD, LLC, A CA** |
11  | | ) | **LLC'S** *REQUEST FOR ALLOWANCE* |
| AND | ) | *AND PAYMENT OF ADMINISTRATIVE* |
12  | | ) | *EXPENSE***, OF $500 PER DAY,** |
13  | JACQUELINE A.JUDENFRIEND | ) | |
| | ) | **REPRESENTING DAILY RENTAL** |
14  | Joint Debtors | ) | **VALUE FOR NIMROD PROPERTY,** |
15  | | ) | |
16  | | ) | **FROM 9/12/17, WHEN FIRST GREEN** |
17  | | ) | **NIMROD BECAME OWNER OF** |
18  | | ) | **NIMROD, UNTIL ALL** |
19  | | ) | **JUDENFRIENDS (BARRY,** |
20  | | ) | **JACQUELINE, JUSTIN AND** |
21  | | ) | **JORDAN) VACATE NIMROD;** |
22  | | ) | **DECLARATION OF KELLY DUBE** |
23  | | ) | **W/EXHIBITS** |
24  | | ) | This *Request* is set for hearing on: |
25  | | ) | Date: November 30, 2017 |
| | ) | Time: 8:30am |
26  | | ) | Place: Ctrm 1575, 255 E. Temple St, |
27  | | ) |     LA, CA 90012 |
| | ) | [Same time/date that Debtors' Motion to |
28  | | ) | Dismiss their Ch11 Bankruptcy is set for] |

1

2      First Green Nimrod, LLC, a California Limited Liability, which became

3  owner of the Nimrod property on 9/12/17,  makes its herein *Request for*

4  *Allowance and Payment of Administrative Expense*, per 11 USC 503(b) and 11

5  USC 507(a)(2), for the $500 per day daily rental value of the Nimrod property,

6  which debtors and their adult sons continue to occupy, as squatters, without any

7  right to do so.

8      This *Request for Allowance and Payment of Administrative Expense* is

9  based on the attached Memorandum of Points and Authorities, and is based upon

10 the attached Declaration of Kelly Dube, with Exhibits.

11     Any Opposition to this *Request for Allowance and Payment of*

12 *Administrative Expense* is required to be filed with the Court, and served on

13 counsel for Applicant listed on page 1 top left hereof, no less than 14 days before

14 the hearing date stated on p.1 hereTo.

Dated: Nov. 3, 2017          THE BANKRUPTCY LAW FIRM, PC
15                                    /s/ Kathleen P. March
                              By Kathleen P. March, Esq., counsel to
16                             First Green Nimrod, LLC on this *Request* and on
                              Limited Opposition to Debtors' Motion to Dismiss
17

18

19

20

21

22

23

24

25

26

27

28

**FIRST GREEN NIMROD, LLC, A CA LLC'S REQUEST FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE; KELLY DUBE DECL., W/EXHS.**                    ii

1

2

<b>TABLE OF CONTENTS</b>

3

**I.     CONTROLLING 9TH CIRCUIT CASES HOLD THAT THE VALUE OF POST-PETITION USE OF A NON-DEBTOR'S PROPERTY, BY THE BANKRUPTCY ESTATE, CONSTITUTES AN ADMINISTRATIVE EXPENSE CLAIM, PER 11 USC §503(b), WHICH IS A PRIORITY CLAIM, PER 11 USC §507(a)(2)** ............................................................p1

**II.    READING CASE RULE APPLIES, AND IT TO GIVES FIRST GREEN NIMROD, LLC, AN ADMINISTRATIVE PRIORITY CLAIM, FOR THE $500 PER DAY RENTAL VALUE OF THE NIMROD PROPERTY, WHICH THE JUDENFRIENDS OCCUPY AS SQUATTERS, WHICH IS TRESPASS, A TORT** ................................p4

**III.   CONCLUSION** ..............................................................p7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

Reading Co. vs Brown,  391 US 471, 88 S.Ct. 1759 (1968)................................p4

In re 800Ideas.com, Inc., 496 BR 165 (9th Cir.BAP 2013)....................................p6

In re Abercrombie, 139 F.3d 755 (9th Cir.1998)................................... p6

In re Dant & Russell, Inc., 853 F.2d 700 (9th Cir. 1988) .....................................p2

In re G.I.C. Government Securities, Inc., 121 BR 647 (Bankr. MD Fla 1990).........p7

In re Good Taste, Inc., 317 BR 112 (Bankr. D. Alaka 2004)................................ p7

In re Healthco Intern, Inc., 310 F.3d 9 (1st Cir. 2002)............................................ p7

In re Mid Region Petroleum, Inc., 1 F.3d 1130 (10th Cir. 1993)............................ p3

In re Megafoods Stores, Inc., 163 F.3d 1063 (9th Cir.1998)................................ p6

In re Met-L-Wood Corp., 115 BR 133 (US Dist.Ct, ND Ill 1990)...................... p7

In re Metro Fulfillment, Inc., 294 BR 306 (9th Cir.BAP 2003) .......................... p6

In re Pacific-Altantic Trading Co., 27 F.3d  401 (9th Cir. 1994)........................ p3

In re Thinking Machines Corp., 67 F.3d 102 (1st Cir 1995).............................. p3

**FIRST GREEN NIMROD, LLC, A CA LLC'S REQUEST FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE; KELLY DUBE DECL., W/EXHS.**

iv

1

2

**Statutes and Authorities**

3    11 USC §503(b)...................................................................................................p1,4

4

5    11 USC §507(a)(2).................................................................................................p1

6

7    5 Witkin, Summary of California Law, 11th Ed., Torts § 803 (2017) ...................p5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

**I.    CONTROLLING 9TH CIRCUIT CASES HOLD THAT THE VALUE OF POST-PETITION USE OF A NON-DEBTOR'S PROPERTY, BY THE BANKRUPTCY ESTATE, CONSTITUTES AN ADMINISTRATIVE EXPENSE CLAIM, PER 11 USC §503(b), WHICH IS A PRIORITY CLAIM, PER 11 USC §507(a)(2)**

4

5

6

7

8

11 USC §503(b), 11 USC §507(a)(2), plus controlling Ninth Circuit Court of Appeals case law, require that First Green Nimrod, LLC, be allowed and paid an administrative expense claim, for the $500 per day fair rental value of the Nimrod house, for the days that the Judenfriend family has continued to occupy the Nimrod house, **post-petition**, to present, without right, as **squatters** (aka **trespassers**), **after** First Green Nimrod, LLC became owner of the Nimrod property, on 9/12/17.  11 USC §503(b) states, in relevant part:

9

10

11

12

13

14

15

16

"(b) After notice and a hearing, there shall be allowed administrative expenses ... including–
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including ..........".

17

18

19

11 USC §507(a)(2) specifies that administrative expenses allowed under section 503(b) are second priority, with only domestic support having a higher administrative priority.

20

21

22

Kelly Dube's Declaration hereto, with exhibits, establishes that the Judenfriends have been **squatters** (aka **trespassers)** in the Nimrod property, from when First Green Nimrod, LLC became the owner of the Nimrod property, on 9/12/17 onward, and will continue to occupy the Nimrod property as squatters (aka trespassers) until First Green Nimrod, LLC's unlawful detainer trial is held (set for 11/17/17) and thereafter until  sheriff's personnel lock the Judenfriends out of the Nimrod property. (Dube Decl herto) Due to Thanksgiving being on 11/24/17, the sheriff's personnel are not likely to lock the Judenfriend family out1 of Nimrod,

23

24

25

26

27

28

---

1  before 11/30/17 (date debtors Motion to dismiss their bankruptcy case is set to be

2  heard, in Bankruptcy Court). . .

3      From 9/12/17 onward, the Judenfriend debtors,  and their 2 adult sons, have

4  no ownership of Nimrod, no lease, and no right to occupy Nimrod, but they continue

5  to occupy Nimrod,   forcing First Green Nimrod to have to bring an unlawful

6  detainer suit in CA Superior Court, to seek a Judgment and Writ of Possession to

7  allow First Green Nimrod to have the LA Sheriff personnel evict the debtors and

8  their adult sons, from Nimrod. (Dube Decl hereto) As Dube's declaration explains,

9  UD trial is set for 11/17/17.  Notice of 11/17/17 UD hearing in Superior Court is

10 **Exhibit** B to Dube Decl hereto. Debtor's Motion to Dismiss Debtor's bankruptcy

11 case is set for hearing on 11/30/17.   Because of the Thanksgiving holiday an

12 eviction would not be before the 11/30/17 hearing on Debtor's Motion to Dismiss

13 their bankruptcy case. $500 per day from 9/12/17 to 11/30/17 is $39,500.  (Dube

14 Decl hereto).

15     In re Dant & Russell, Inc., 853 F.2d 700, 707 (9th Cir. 1988) is the seminal

16 Ninth Circuit Court of Appeals case that the landlord/owner of property is entitled

17 to an administrative priority claim, per 11 USC 503(b), in the amount of the fair

18 market value of debtor-in-possession's **post-petition use** of landlord's/owner's

19 property. Dant, at 707,  explains:

20

21     "The **amount of the administrative expense claim** is limited to the 'portion
    of the leased property' that is actually used or **occupied**. Thompson, 788 F.2d
22  at 564. The amount of the administrative expense claim is not valued
    according to the lease term, but under an **objective worth standard that**
23  **measures the fair and reasonable value** of the lease. Id. at 563; Cochise,
    703 F.2d at 1354 n. 17; In re Fredrick Meats, Inc., 483 F.2d 951, 953 (5th
24  Cir.1972) (per curiam). A presumption exists that the contractual rental rate,
    Cochise, 703 F.2d at 1354 n. 17; Union Leasing Co. v. Peninsula Gunite, Inc.
25  (In re Peninsula Gunite, Inc.) 24 B.R. 593, 595 (9th Cir. BAP 1982); or the
    amount reserved in the lease, constitutes a fair and reasonable value. In re
26  Xonics, 65 B.R. 69, 74 (Bankr.N.D.Ill.1986); Thompson, 788 F.2d at 563;
27  Cochise, 703 F.2d at 1354 n. 17. This presumption may be rebutted upon

28

---

**FIRST GREEN NIMROD, LLC, A CA LLC'S REQUEST FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE; KELLY DUBE DECL., W/EXHS.**                    2

1
2
3
4
5
6
7
8
9

evidence showing that the reasonable worth of the lease differs from the contract rate. Id. The court may choose to fix a different amount **based on the debtor-in-possession's actual use**, Peninsula Gunite, 24 B.R. at 593; cf. Funding Systems Asset Management Corp. v. Key Capital Corp. (In re Funding Systems Asset Management Corp), 72 B.R. 87 (Bankr.W.D.Pa.1987) (administrative expense priority measured in terms of the reasonable value of the leased property, i.e., the contractual rental prorated amount); but that amount cannot exceed "the fair and reasonable value of the lease upon the open market." Thompson, 788 F.2d at 563. This limitation acknowledges that the **debtor-in-possession** or trustee's **liability** for **actual use and occupancy** is not compensatory but rather is founded upon the equitable principle of **preventing unjust enrichment**. In re Dixie Fuels, Inc., 52 B.R. 26, 27 (Bankr.N.D.Ala.1985)."

10
11
12
13

In In re Pacific-Atlantic Trading Co., 27 F.3d 401, 405 (9th Cir. 1994), the Ninth Circuit ordered a trustee to pay rent to the landlord, as an administrative claim, stating:

14
15
16
17
18
19

"While it appears that the lessor did not take legal steps to reclaim the premises prior to the lease's deemed rejection, the statute does not place the burden on the lessor to do so. By requiring the trustee to timely pay the debtor's rent, Congress clearly placed the burden on the trustee to promptly and properly reject the lease if it has no intention of assuming it and, in the meantime, to continue to perform the debtor's obligations under the lease."

20
21
22

Accord are cases from additional Circuits. E.g., In re Mid Region Petroleum, Inc., 1 F.3d 1130, 1132-33 (10th Cir. 1993), where the Tenth Circuit Court of Appeals ordered an **administrative claim for postpetition possession of leased equipment** statin:

23
24
25
26
27
28

"    Administrative expenses are specially favored post-petition claims, given priority in asset distribution over most other claims against the bankruptcy estate. 11 U.S.C. §§ 503, 507(a)(1) (1978). For a claim to rise to the level of an administrative expense, it must fit within one of the categories listed in 11 U.S.C. § 503(b) (1978). Both parties agree that the only category which could possibly apply to the GATX leases is 11 U.S.C. § 503(b)(1)(A) (1978), which grants administrative expense status to "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or

---

**FIRST GREEN NIMROD, LLC, A CA LLC'S REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE; KELLY DUBE DECL., W/EXHS.**

commissions for services rendered after the commencement of the case."

To be deemed an administrative expense, the expense must: (1) arise out of a transaction between the creditor and the bankrupt's trustee or debtor-in-possession; and (2) benefit the debtor-in-possession in the operation of the business. Amarex, 853 F.2d at 1530;5 see also Broadcast Corp. v. Broadfoot, 54 B.R. 606, 611 (N.D.Ga.1985) ("use of the words 'actual' and 'necessary' indicate that the estate must accrue a real benefit from the transaction for which the claim is filed"), aff'd sub nom., In re Subscription Television of Greater Atlanta, 789 F.2d 1530 (11th Cir.1986).6 Potential to benefit the estate does not satisfy this requirement, Broadcast Corp., 54 B.R. at 611, nor does mere possession, In re Templeton, 154 B.R. 930 (Bankr.W.D.Tex.1993). To be granted administrative expense status, the bankruptcy estate must benefit from the use of the creditor's property. Broadcast Corp., 54 B.R. at 612-13."

See also <u>In re Thinking Machines Corp.</u>, 67 F.3d 1021, 1024 (1st Cir 1995), where First Circuit Court of Appeals  ordered reversal and remand of a District Court decision which had denied payment of administrative claim for **post petition rent for leased commercial premises**.

II.    **<u>READING</u> CASE RULE APPLIES, AND IT TO GIVES FIRST GREEN NIMROD, LLC, AN ADMINISTRATIVE PRIORITY CLAIM, FOR THE $500 PER DAY RENTAL VALUE OF THE NIMROD PROPERTY, WHICH THE JUDENFRIENDS OCCUPY AS SQUATTERS, WHICH IS TRESPASS, A TORT**

In addition, the <u>Reading</u> case rule applies here, to give First Green Nimrod, LLC an administrative claim, per 11 USC §503(b), to compensate First Green Nimrod, LLC for the $500 per day fair rental value of the Nimrod property, for each day that the Judenfriends have **<u>unlawfully</u>** continued to occupy Nimrod, post-petition, without lease, ownership, or any right to continue to occupy Nimrod, after First Green Nimrod, LLC became the owner of the Nimrod property, on 9/12/17. (See Kelly Dube Declaration hereto for facts and see **<u>Exhibit A</u>** to Dube Decl, which is the recorded *Trustee's Deed on Sale*, deeding the Nimrod property to First

**FIRST GREEN NIMROD, LLC, A CA LLC'S REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE; KELLY DUBE DECL., W/EXHS.**

4

1  Green Nimrod, LLC, as owner.

2      <u>Reading Co. vs Brown</u>,  391 US 471, 88 S.Ct. 1759 (1968) (*"Reading"*),  is

3  the **seminal case granting administrative priority claims to compensate damage**

4  **caused by wrongful, post-petition acts of the person** (Trustee, or Debtor-in-

5  Possession, or, in <u>Reading</u>, a receiver under the 1898 Bankruptcy Act) **in charge of**

6  **the debtor**.

7      Here, the Judenfriends have been **<u>squatters</u>** (aka **<u>trespassers)</u>** in the Nimrod

8  property, from when First Green Nimrod, LLC became the owner of the Nimrod

9  property, on 9/12/17.  From 9/12/17 onward, they have no ownership of Nimrod, no

10  lease, and no right to occupy Nimrod, but they continue to do so, forcing First Green

11  Nimrod to have to bring an unlawful detainer suit in CA Superior Court, to seek a

12  Judgment and Writ of Possession to allow First Green Nimrod to have the LA

13  Sheriff personnel evict the debtors and their adult sons, from Nimrod.  As Dube's

14  declaration explains, UD trial is set for 11/17/17.  Notice of 11/17/17 UD hearing

15  in Superior Court is **<u>Exhibit</u>** B to Dube Decl hereto.  Trespass is a tort, under CA

16  law.  As <u>5 Witkin, Summary of California Law, 11th Ed., Torts § 803 (2017)</u> says:

17

18

19      "(1) Nature of Harm. Trespass to property is the unlawful interference with

20      its possession. (See Rest.2d, Torts § 157 et seq.; Dobbs, The Law of Torts 2d,
      § 49 et seq.; 1 Harper, James & Gray 3d § 1.1 et seq.; Cal. Civil Practice, 1

21      Torts, Trespass, Chap. 18; 75 Am.Jur.2d (2007 ed.), Trespass § 18 et seq.) In

22      some situations, it is a crime as well as a tort. (See P.C. 602; 2 Cal. Crim. Law
      (4th), Crimes Against Property, § 287 et seq.)

23
      The tort may be committed by an act that is intentional, reckless, negligent,

24      or the result of ultrahazardous activity. (Gallin v. Poulou (1956) 140 C.A.2d

25      638, 645, 295 P.2d 958.) The only intent required is an intent to enter,
      regardless of the actor's motivation. (Miller v. National Broadcasting Co.

26      (1986) 187 C.A.3d 1463, 1480, 232 C.R. 668, supra, § 765.)"

27

28  Here, the Judenfriends' trespass is intentional, because the Judenfriends have

---

**FIRST GREEN NIMROD, LLC, A CA LLC'S REQUEST FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE; KELLY DUBE DECL., W/EXHS.**

1  continued to occupy the Nimrod property, knowing they no longer own it, and have

2  no lease for it.

3        In Reading, the US Supreme Court granted an **administrative expense claim**

4  to Reading Company,  for the **damage** Reading Company suffered, when Reading

5  Company's building was burned down, in a fire started in debtor's building, due to

6  negligence of an agent of the receiver in charge of debtor.  Reading holds:  "We

7  hold that damages resulting from the negligence of a receiver acting within the

8  scope of his authority as receiver gives rise to 'actual and necessary costs' of a

9  Chapter XI arrangement". [Reading, 88 S.Ct at 1767].          Later cases refer to

10 Reading's rule as the **fundamental fairness** rule–that where improper conduct in

11 administration of a bankruptcy case causes damage to person or entity, that damages

12 claim is entitled to **administrative priority status**.

13       Cases under the present Bankruptcy Code are **uniform** in holding Reading's

14 rule--that an administrative priority claim is required to be granted,  to compensate

15 a claimant for damage caused by improper post-petition  acts of a Chapter 7 trustee

16 (includes Debtor-in-Possession)--**continues to apply**, under the present Bankruptcy

17 Code. E.g.,  In re Metro Fulfillment, Inc., 294 BR 306, 310 (9th Cir.BAP 2003); In

18 re Megafoods Stores, Inc., 163 F.3d 1063, 1071 (9th Cir.1998).  The BAP explained

19 in In re. 800Ideas.com, Inc., 496 BR 165, 177-178 (9th Cir.BAP 2013), that cases

20 decided under the present  Bankruptcy Code, not just follow, but have **expanded**,

21 the Reading rule, to cover violation of law by a trustee (includes debtor-in-

22 possession0.  In In re Abercrombie, 139 F.3d 755, 758 (9th Cir.1998), the Ninth

23 Circuit states:

24

25

26       "The Reading exception operates to **deter the trustee from injuring third**

27       **parties.**  Several circuit cases have applied the Reading exception in differing
        contexts." [bold/underline added].

28

     Many Circuits (see cases cited in Abercrombie) have granted administrative

---

1   expense claims, per 11 USC §503, to compensate claimants for damages caused by

2   a trustee's (includes debtor-in-possession) administration of a bankruptcy estate.

3   In re Healthco Intern, Inc., 310 F.3d 9, 13 (1st Cir. 2002), affirmed granting a §503

4   priority claim to Healthco, for attorneys fees awarded to Healthco, against the

5   Chapter 7 Trustee, where Trustee had **post-petition brought, and lost**, a lawsuit

6   against Healthco, in which Trustee sought to undo a leveraged buyout Healthco had

7   done, with debtor, prepetition:

8

9       "...parties subjected to loss and expense as a result of the administration of a
10      bankruptcy estate are entitled to be made whole as a matter of fundamental
        fairness and should be allowed an administrative claim to implement that
11      result."

12

13  Accord In re Met-L-Wood Corp., 115 BR 133,135-136 (US Dist.Ct, ND Ill 1990);

14  In re Good Taste, Inc., 317 BR 112 (Bankr. D. Alaka 2004); In re G.I.C.

15  Government Securities, Inc., 121 BR 647 (Bankr. MD Fla 1990); that non-debtor

16  party is entitled to an administrative claim, to reimburse the non-debtor party's

17  attorneys fees, that the non-debtor party had to expend post-petition, to successfully

18  defend the non-debtor party against claims made by a Chapter 7 trustee (includes

19  debtor-in-possession).

20  **III.   CONCLUSION**

21      The Court should grant First Green Nimrod, LLC's herein Request for

22  Allowance and Payment of Administrative Expense, to allow First Green Nimrod,

23  LLC a $39,500 administrative claim, per 11 USC 503(b), for the $500 per day fair

24  rental value of the Nimrod property, which the Judenfriends, and their adult sons,

25  have been occupying without right, as squatters (aka trespassers), from 9/12/17 (date

26  First Green Nimrod, LLC became owner of Nimrod), through 11/17 17 (date

27  unlawful detainer trial is set to be held, in LA Superior Court), and likely through

28  11/30/17 (date Judenfriends' Motion to Dismiss the Judenfriends' Chapter 11

**FIRST GREEN NIMROD, LLC, A CA LLC'S REQUEST FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE; KELLY DUBE DECL., W/EXHS.**                    7

1    bankruptcy case is set for hearing in Bankruptcy court).

2        $39,500 is calculated through 11/30/17.  Any additional days of occupancy

3    of Nimrod, by Judenfriend family members,  after 11/30/17, are an additional $500

4    per day. (Dube Decl).

5        Because the Judenfriends move to have their bankruptcy case dismissed, this

6    Hon. Bankruptcy Court should order the Judenfriends to pay the $39,500 to First

7    Green Nimrod, LLC, before dismissal as a condition of the Court granting the

8    Motion to Dismiss, as stated in First Green Nimrod, LLC's LIMITED

9    OPPOSITION to Debtors' Motion to Dismiss Debtors bankruptcy case.

10

11   Dated: November 3, 2017              THE BANKRUPTCY LAW FIRM, PC
                                          /s/ Kathleen P. March
12                                        By Kathleen P. March, Esq., counsel to
                                          First Green Nimrod, LLC on this *Request*
13                                        and on Limited Opposition to Debtors'
                                          Motion to Dismiss their bankruptcy case
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST GREEN NIMROD, LLC, A CA LLC'S REQUEST FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE; KELLY DUBE DECL., W/EXHS.**                    8

## DECLARATION OF KELLY DUBE

I, KELLY DUBE, declare:

1. I am a licensed California real estate broker, CA license 01047871. I have been a licensed CA real estate broker since 1993, and before that, from 1989 until when I became a licensed broker, I was a licensed CA real estate agent.

2. I am the sole managing member and equityholder of First Green Nimrod, LLC, a California Limited Liability Company in good standing.

3. Per the attached (attached as **Exhibit A**) *Trustee's Deed on Sale*, duly recorded in the Los Angeles County Recorders Office on 9/12/17, First Green Nimrod, LLC became the owner of the real property known as 13108 Nimrod Place, LA, CA 90049 ("Nimrod").

4. I was the winning bidder, by my credit bid, at my nonjudicial foreclosure sale of Nimrod held on 9/11/17, after this Hon. Bankruptcy Court granted me relief from stay, by Order entered 8/25/17, to hold that nonjudicial foreclosure sale, as allowed by nonbankruptcy law, and to proceed as allowed by non-bankruptcy law, to obtain possession of Nimrod. As the winning bidder, I assigned ownership of Nimord to First Green Nimrod, LLC, by having the foreclosure trustee issue *Trustee's Deed on Sale*, to First Green Nimrod.

5. From 9/12/17, when First Green Nimrod became the owner of Nimrod, onward, Barry Judenfriend, Jacqueline Judenfriend, and the Judenfriend debtors adult sons, Justin Judenfriend and Jordan Judenfriend, have been occupying Nimrod as squatters–without permission of First Green Nimrod, without having any lease to occupy Nimrod, and without any legal right whatsoever to occupy Nimrod.

6. As of date of this Declaration 11/1/17, First Green Nimrod has ongoing, in California Superior Court, an unlawful detainer suit #17SMUD00841, against Barry Judenfriend, Jacqueline Judenfriend, Justin Judenfriend and Jordan Judenfriend, seeking a Judgment and Writ of Possession to remove the 4 Judenfriends from Nimrod. The trial in the unlawful detainer suit is set for 11/17/17, in CA Superior Court, Santa Monica Division, Department P., as shown in the "Notice of Unlawful

**FIRST GREEN NIMROD, LLC, A CA LLC'S REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE; KELLY DUBE DECL., W/EXHS.**

9

Detainer Trial", **Exhibit B** hereto.

7. As a licensed California real estate broker, I have access to the MLS (Multiple Listing Service) for residential and commercial properties.  I have checked, on the MLS, the rents that are being charged for houses in the area of Nimrod, including that the Judenfriend debtors had Nimrod rented out in 2010 for $14,000 per month, per the MLS.  The tenant paying $14,000 per month to rent Nimrod for the year of 2010 was Dominic J. Mormile.

8. I am familiar with what Nimrod can be rented out for at present, on a monthly basis.  The present monthly rent, that Nimrod can be rented out for, is a minimum of $15,000 a month, in  my expert opinion as a CA real estate broker familiar with the Nimrod property and the area in which the Nimrod property is located,  now that there is no longer any Notices of Default, or Notices of Trustees Sale,  recorded against Nimrod.

9. $15,000 a month, pro-rates to $500 per day.

10. The **post-petition use of Nimrod**, once Nimrod became owned by First Green Nimrod on 9/12/17, from 9/12/17, to whatever date the Judenfriends are removed/evicted/leave Nimrod, **constitutes an administrative claim** of First Green Nimrod, against the Judenfriends' bankruptcy estate, of $15,000 per month ($500 per day), the minimum rental value of Nimrod, pursuant to 11 USC §503(b).  I therefore request the Bankruptcy Court to allow that post-petition administrative claim, and order that administrative claim to be paid as a priority claim, per 11 USC §507(a)(2).

11. The Judenfriends have filed a Motion to Dismiss their bankruptcy case, which motion is set for hearing on 11/30/17 at 8:30am.  The Court should make it a condition of granting the Judenfriends' Motion to Dismiss, that the Judenfriends' pay, **before dismissal**, as a condition of granting dismissal,  the $500 a day rent for using Nimrod, without right, as squatters, from 9/12/17 until date all Judenfriends vacate Nimrod.

12. The unlawful detainer trial in state court will not be until 11/17/17, and

1   possibly later.  It is 79 days from 9/12/17 to 11/30/17, which at $500 per day is

2   $39,500.  Therefore, First Green Nimrod's minimum administrative claim against

3   the Judenfriends' bankruptcy estate, for post-petition occupancy of Nimrod by the

4   Judenfriend family, from 9/12/17 onward is a minimum of $39,500, if calculated to

5   11/30/17 (date Judenfriends' Motion to Dismiss is set for hearing), and will be $500

6   additional, for each day after 11/30/17, that any Judenfriend continues to occupy

7   Nimrod.

8       13.   The Judenfriends' most recently filed Monthly Operating Report (MOP),

9   filed 10/14/17, attached as **Exhibit C** hereto,  shows that the Judenfriend's debtor

10  in possession account has the money to pay that administrative claim rent.  The

11  Judenfriends' MOR filed 9/15/17 (**Exhibit D** hereto) shows that the Judenfriends

12  bankruptcy estate has on hand approximately $70,000 (including $20,000 in a bank

13  account, shown at page 14 of 18.  That MOR shows that $137,272 has been received

14  during the bankruptcy case. The 9/15/17 MOR shows that $56,000 is claimed to be

15  spent,  that was, in actuality, NOT spent.  This is because 9/15/17 MOR shows

16  $6,889 as "held for rent payment", shows $12,233 as "held for mortgage payment",

17  shows $12,233 as "held for mortgage payment" a second time, shows $20,000 put

18  in a savings account (no reason, no explanation at all) and shows  $5,000 for "home

19  staging" Nimrod for sale.  No mortgage payments have been paid.  Nimrod was not

20  staged for sale, due to my nonjudicial foreclosure sale being completed. The

21  $14,879 that the Judenfriends paid as rent to stay in Gretna Greene was paid on

22  9/5/17, so the $6,889 "held for rent payment" was not needed for rent.

23  //

24  //

25  //

26

27

28

1    14.  Therefore, the Judenfriends should have $126,000 in their debtor-in-

2  possession account, not just the $70,000 shown in their 10/14/17 MOR.

3        I declare under penalty of perjury that the foregoing is true and correct,

4  and that this Declaration is executed at Los Angeles, California on November 1,

5  2017.

6

7                          KELLY DUBE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST GREEN NIMROD, LLC, A CA LLC'S REQUEST FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE; KELLY DUBE DECL.

P12      6



**This page is part of your document - DO NOT DISCARD**



## 20171036615



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/12/17 AT 02:06PM**

**Pages:**
**0003**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201709120620024

00014226545



008584123

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

EXHIBIT A  P13

RECORDING REQUESTED BY:
**Best Alliance Foreclosure and Lien Services, Corp.**

AND WHEN RECORDED TO:
**CFIS**
**PO Box 6390**
**Beverly Hills, CA  90212**

**Forward Tax Statements to**
**the address given above**

09/12/2017

*20171036615*

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: **17-17023**
Loan #: 03182016

Order #: 5931646
Investor #: CFIS

# TRUSTEE'S DEED UPON SALE

A.P.N.: **4407-011-021**

Transfer Tax: **$0.00**

"THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION 480.3"
The Grantee Herein WAS The Foreclosing Beneficiary.
The Amount of The Unpaid Debt was  **$427,057.71**.
The Amount Paid By The Grantee Was  **$400,000.00**
Said Property Is In The City of **Los Angeles**, County of **Los Angeles**

**Best Alliance Foreclosure and Lien Services, Corp.,** as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**First Green Nimrod, LLC**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los Angeles**, State of California, described as follows:
LOT 19, OF TRACT NO. 18645, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 453, PAGE(S) 28 THROUGH 30 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THAT PORTION OF SAID LOT 19 DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHEASTERLY CORNER OF SAID LOT 19; THENCE NORTH 4° 42' 12" WEST ALONG THE EASTERLY LINE OF SAID LOT A DISTANCE OF 63.83 FEET; THENCE SOUTH 4° 18' 36" WEST 62.96 FEET TO A POINT IN THE SOUTHERLY LINE OF SAID LOT 19 DISTANT NORTH 85° 14' 27" WEST ALONG SAID SOUTHERLY
LINE 10 FEET FROM THE POINT OF BEGINNING; THENCE SOUTH 85° 14' 27" EAST SAID SOUTHERLY LINE 10 FEET TO THE POINT OF BEGINNING.

**Note:**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **Barry I. Judenfriend** as Trustor, dated **3/18/2016** of the Official Records in the office of the Recorder of **Los Angeles**, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on **5/27/2016, as Instrument No. 20160607494**, of Official records.  Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

**P14**

# TRUSTEE'S DEED UPON SALE

TS #: **17-17023**
Loan #: **03182016**
Order #: **5931646**

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with.  Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **9/11/2017**.  Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$400,000.00**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **Best Alliance Foreclosure and Lien Services, Corp.**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: **9/11/2017**

Best Alliance Foreclosure and Lien Services, Corp., As Trustee

By: _____

**Sid Richman**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California        } ss.
County of Los Angeles }
On ___9·11·2017___ before me, _____ **P. B. Quemuel** _____ Notary Public, personally appeared _____ **Sid Richman** _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

P. B. QUEMUEL
Commission # 2112918
Notary Public - California
Los Angeles County
My Comm. Expires Jun 20, 2019

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/01/2017**<br>Sherri R. Carter, Executive Officer / Clerk<br>By: _Brenda Freeble_ Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street Santa Monica, CA. 90401 | |
| PLAINTIFF(S):<br>FIRST GREEN NIMROD, LLC, A CA LTD LIABILITY CO | |
| DEFENDANT(S):<br>BARRY I JUDENFRIEND | |
| **NOTICE OF UNLAWFUL DETAINER TRIAL** | CASE NUMBER:<br>17SMUD00841 |

You are hereby notified that the above-entitled matter has been set for unlawful detainer <u>Non-Jury Trial</u> on <u>11/17/2017</u> at <u>8:30 AM</u> in Department <u>S</u> at the <u>Santa Monica Courthouse</u>, located at <u>1725 Main Street, Santa Monica, CA, 90401</u>

☐ Possession of the premises is no longer an issue.

Sherri R. Carter, Executive Officer / Clerk

Dated: 11/01/2017                 By: Brenda Freeble

Deputy Clerk

NOTICE OF UNLAWFUL DETAINER TRIAL

*EXHIBIT B* **P16**

Case 2:17-bk-17890-SK    Doc 119    Filed 10/14/17    Entered 10/14/17 18:00:16    Desc
Main Document    Page 1 of 22

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re: | CHAPTER 11 (NON-BUSINESS) | |
|---|---|---|
| Barry I Judenfriend and Jacqueline A Judenfriend | Case Number: | 2:17-bk-17890-SK |
| | Operating Report Number: | 4 |
| Debtor(s). | For the Month Ending: | 9/30/2017 |

I. CASH RECEIPTS AND DISBURSEMENTS
A. (GENERAL ACCOUNT*)

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS                137,272.55

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL                    69,997.05
ACCOUNT REPORTS

3.  BEGINNING BALANCE:                                                  67,275.50

4.  RECEIPTS DURING CURRENT PERIOD:                                     2,678.60

5.  BALANCE:                                                            69,954.10

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD                     19,730.39

7.  ENDING BALANCE:                                                     50,223.71

8.  General Account Number(s):          xxx1093

    Depository Name & Location:         California Bank & Trust
                                        100 Wilshire Blvd, Santa Monica, CA 90401

\*    All receipts must be deposited into the general account.

\*\*   Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
     to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

EXHIBIT C

**P17**

## TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 9/1/2017 | debit | Bar Hayama | Meals & Entertainment | 60.72 |
| 9/5/2017 | debit | Pharmaca | Medical | 11.95 |
| 9/5/2017 | debit | Vicente Foods | Groceries | 14.85 |
| 9/5/2017 | debit | Dr Nicole Fram | Medical | 50.00 |
| 9/5/2017 | debit | Century City Medical | Medical | 15.00 |
| 9/5/2017 | debit | Lenny's Deli | Meals & Entertainment | 25.01 |
| 9/5/2017 | debit | Ralph's | Groceries | 29.44 |
| 9/5/2017 | debit | Conserv Fuel | Automobile | 25.18 |
| 9/5/2017 | debit | Healthy Spot | Pet Expense | 9.00 |
| 9/5/2017 | debit | Unleashed | Pet Expense | 7.71 |
| 9/5/2017 | debit | Hillstone | Meals & Entertainment | 47.90 |
| 9/5/2017 | debit | Healthy Spot | Pet Expense | 27.18 |
| 9/5/2017 | debit | 99 Cents Only | Groceries | 3.71 |
| 9/5/2017 | debit | Walgreens | Medical | 7.18 |
| 9/5/2017 | debit | Trader Joe's | Groceries | 67.57 |
| 9/5/2017 | debit | Centinela Feed & Pets | Pet Expense | 20.29 |
| 9/5/2017 | debit | Ralph's | Groceries | 31.53 |
| 9/5/2017 | debit | ATM Withdrawal | Personal Miscellaneous | 43.00 |
| 9/5/2017 | debit | Bank Charges | Bank Charges | 1.00 |
| 9/5/2017 | 106 | Brentwood West Apts | Rent | 14,879.00 |
| 9/6/2017 | debit | U-Haul Moving & Storage | Storage | 60.00 |
| 9/7/2017 | debit | Noma Sushi | Meals & Entertainment | 45.90 |
| 9/7/2017 | debit | Ralph's | Groceries | 16.14 |
| 9/7/2017 | debit | Heather Oxford Inc | Pet Expense | 190.00 |
| 9/7/2017 | debit | Maria's | Meals & Entertainment | 32.11 |
| 9/8/2017 | debit | LA City Parking | Parking | 3.75 |
| 9/8/2017 | debit | Fromin's | Meals & Entertainment | 28.78 |
| 9/8/2017 | debit | Whole Foods | Groceries | 8.70 |
| 9/8/2017 | 107 | Gardener | Gardening at Nimrod | 250.00 |
| 9/11/2017 | debit | Henri Salon | Personal Miscellaneous | 57.00 |
| 9/11/2017 | debit | Ralph's | Groceries | 22.28 |
| 9/11/2017 | debit | Trader Joe's | Groceries | 4.64 |
| 9/11/2017 | debit | KFC | Meals & Entertainment | 6.31 |
| 9/11/2017 | debit | CVS | Medical | 8.90 |
| 9/11/2017 | debit | Verizon Wireless | Telephone | 94.35 |
| 9/12/2017 | debit | Elitigation Services | Professional Services | 156.00 |
| 9/12/2017 | debit | Ralph's | Groceries | 18.74 |
| 9/13/2017 | debit | Ralph's | Groceries | 87.05 |
| 9/14/2017 | 105 | Ana Hidalgo | Cleaning for Nimrod Open House | 100.00 |
| 9/15/2017 | debit | Shell Oil | Automobile | 20.18 |
| 9/15/2017 | debit | LADWP | Utilities | 283.65 |

**P18**

| Date | Type | Payee | Category | Amount |
|---|---|---|---|---|
| 9/18/2017 | debit | Kula Revolving Sushi | Meals & Entertainment | 39.00 |
| 9/18/2017 | debit | Monty's | Meals & Entertainment | 28.21 |
| 9/18/2017 | debit | VCA | Pet Expense | 66.26 |
| 9/18/2017 | debit | Cheesecake Factory | Meals & Entertainment | 39.50 |
| 9/18/2017 | debit | Marshalls | Personal Miscellaneous | 123.41 |
| 9/18/2017 | debit | Trader Joe's | Groceries | 73.60 |
| 9/18/2017 | debit | Vicente Foods | Groceries | 55.08 |
| 9/18/2017 | debit | Time Warner | Utilities | 184.10 |
| 9/19/2017 | debit | Conserv Fuel | Automobile | 30.13 |
| 9/19/2017 | debit | Healthy Spot | Pet Expense | 27.18 |
| 9/19/2017 | debit | Ralph's | Groceries | 45.57 |
| 9/21/2017 | debit | Century City Medical | Medical | 10.00 |
| 9/21/2017 | debit | Lenny's Deli | Meals & Entertainment | 26.98 |
| 9/21/2017 | debit | Ralph's | Groceries | 48.46 |
| 9/21/2017 | debit | CVS | Medical | 6.42 |
| 9/21/2017 | debit | Verizon Wireless | Telephone | 20.00 |
| 9/22/2017 | debit | LA City Parking | Parking | 0.50 |
| 9/22/2017 | debit | Pinguini | Meals & Entertainment | 129.80 |
| 9/22/2017 | debit | Paper Statement Fee | Bank Charges | 2.00 |
| 9/25/2017 | debit | Orchard Supply | Household Expense | (4.36) |
| 9/25/2017 | debit | South Beverly Grill | Meals & Entertainment | 60.98 |
| 9/25/2017 | debit | Il Tramezzino | Meals & Entertainment | 4.81 |
| 9/25/2017 | debit | So Cal Gas | Utilities | 71.50 |
| 9/25/2017 | debit | Soup Plantation | Meals & Entertainment | 27.31 |
| 9/25/2017 | debit | Le Pain Quotidien | Meals & Entertainment | 3.00 |
| 9/25/2017 | debit | Vicente Foods | Groceries | 32.11 |
| 9/25/2017 | debit | The Landmark | Personal Miscellaneous | 25.00 |
| 9/25/2017 | debit | Ralph's | Groceries | 42.66 |
| 9/25/2017 | debit | Orchard Supply | Household Expense | 4.36 |
| 9/25/2017 | debit | Ralph's | Groceries | 11.23 |
| 9/25/2017 | debit | Trader Joe's | Groceries | 55.39 |
| 9/25/2017 | debit | Uber | Transportation | 14.28 |
| 9/25/2017 | debit | 26th Street Auto Center | Automobile | 170.00 |
| 9/25/2017 | debit | CVS | Medical | 21.96 |
| 9/26/2017 | debit | Uber | Transportation | (4.55) |
| 9/26/2017 | debit | Overstock.com | Household Expense | 105.15 |
| 9/26/2017 | debit | Chevron | Automobile | 26.08 |
| 9/26/2017 | debit | Uber | Transportation | 4.55 |
| 9/26/2017 | debit | Uber | Transportation | 4.34 |
| 9/26/2017 | debit | Uber | Transportation | 8.81 |
| 9/27/2017 | debit | GEICO | Auto Insurance | 118.30 |
| 9/27/2017 | debit | Marshalls | Personal Miscellaneous | 33.85 |
| 9/28/2017 | debit | Ralph's | Groceries | 42.73 |
| 9/28/2017 | debit | Il Tramezzino | Meals & Entertainment | 5.41 |
| 9/28/2017 | debit | Rite Aid | Medical | 2.75 |
| 9/28/2017 | debit | Ralph's | Groceries | 58.54 |

**P19**

| 9/28/2017 | debit | Ralph's | Groceries | 103.50 |
|---|---|---|---|---|
| 9/28/2017 | debit | Lincoln Financial | Auto Payment | 644.98 |
| 9/29/2017 | debit | Peet's | Meals & Entertainment | 5.45 |
| 9/29/2017 | debit | Sprint | Telephone | 85.28 |
| 9/29/2017 | debit | Peet's | Meals & Entertainment | 5.10 |
| 9/29/2017 | debit | Bed, Bath & Beyond | Household Expense | 34.24 |
| 9/29/2017 | debit | Thai Dishes | Meals & Entertainment | 40.00 |
| 9/29/2017 | debit | Menchie's | Meals & Entertainment | 8.86 |
| 9/29/2017 | debit | Nate N Al | Meals & Entertainment | 28.89 |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 19,730.39 |

**P20**

GENERAL ACCOUNT

BANK RECONCILIATION

| Bank statement Date: | 9/22/2017 | Balance on Statement: | $49,447.60 |
|---|---|---|---|

Plus deposits in transit (a):

| | Deposit Date | Deposit Amount |
|---|---|---|
| | 9/27/2017 | 969.60 |
| | 9/27/2017 | 1,709.00 |

TOTAL DEPOSITS IN TRANSIT                               2,678.60

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| debit | 9/25/2017 | (4.36) |
| debit | 9/25/2017 | 60.98 |
| debit | 9/25/2017 | 4.81 |
| debit | 9/25/2017 | 71.50 |
| debit | 9/25/2017 | 27.31 |
| debit | 9/25/2017 | 3.00 |
| debit | 9/25/2017 | 32.11 |
| debit | 9/25/2017 | 25.00 |
| debit | 9/25/2017 | 42.66 |
| debit | 9/25/2017 | 4.36 |
| debit | 9/25/2017 | 11.23 |
| debit | 9/25/2017 | 55.39 |
| debit | 9/25/2017 | 14.28 |
| debit | 9/25/2017 | 170.00 |
| debit | 9/25/2017 | 21.96 |
| debit | 9/26/2017 | (4.55) |
| debit | 9/26/2017 | 105.15 |
| debit | 9/26/2017 | 26.08 |
| debit | 9/26/2017 | 4.55 |
| debit | 9/26/2017 | 4.34 |
| debit | 9/26/2017 | 8.81 |
| debit | 9/27/2017 | 118.30 |
| debit | 9/27/2017 | 33.85 |
| debit | 9/28/2017 | 42.73 |
| debit | 9/28/2017 | 5.41 |
| debit | 9/28/2017 | 2.75 |
| debit | 9/28/2017 | 58.54 |

**P21**

| | | | |
|---|---|---|---|
| debit | | 9/28/2017 | 103.50 |
| debit | | 9/28/2017 | 644.98 |
| debit | | 9/29/2017 | 5.45 |
| debit | | 9/29/2017 | 85.28 |
| debit | | 9/29/2017 | 5.10 |
| debit | | 9/29/2017 | 34.24 |
| debit | | 9/29/2017 | 40.00 |
| debit | | 9/29/2017 | 8.86 |
| debit | | 9/29/2017 | 28.89 |

TOTAL OUTSTANDING CHECKS:                                      1,902.49

Bank statement Adjustments:
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                      $50,223.71

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

**P22**

## I. CASH RECEIPTS AND DISBURSEMENTS
### B. (SSA DEPOSIT ACCOUNT*)

| | |
|---|---|
| 1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | 2,217.00 |
| 2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | 2,213.25 |
| 3. BEGINNING BALANCE: | 3.75 |
| 4. RECEIPTS DURING CURRENT PERIOD: | |
| 5. BALANCE: | 3.75 |
| 6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD | 0.00 |
| 7. ENDING BALANCE: | 3.75 |

8. General Account Number(s):     xxx7508

    Depository Name & Location:     U.S. Bank
    11777 San Vicente Blvd, Los Angeles, CA 90049

---

\*   All receipts must be deposited into the general account.
\*\*  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold, to whom, terms, and date of Court Order or Report of Sale.
\*\*\*This amount should be the same as the total from page 2.

## TOTAL DISBURSEMENTS FROM SSA DEPOSIT ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 |

**P24**

SSA DEPOSIT ACCOUNT

BANK RECONCILIATION

Bank statement Date:                9/30/2017    Balance on Statement:                    $3.75

***The bank has not issued a statement because the account has no activity***

Plus deposits in transit (a):

|  | Deposit Date | Deposit Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

TOTAL DEPOSITS IN TRANSIT                                                    | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

TOTAL OUTSTANDING CHECKS:                                                | 0.00 |

Bank statement Adjustments:                                              _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                                    | $3.75 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

**P25**

## I. CASH RECEIPTS AND DISBURSEMENTS
### C. (DIP CHECKING ACCOUNT #2*)

| | |
|---|---|
| 1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | 20,000.00 |
| 2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | 0.00 |
| 3.  BEGINNING BALANCE: | 20,000.00 |
| 4.  RECEIPTS DURING CURRENT PERIOD: | |
| 5.  BALANCE: | 20,000.00 |
| 6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD | 0.00 |
| 7.  ENDING BALANCE: | 20,000.00 |

8. General Account Number(s):          xxx1150

Depository Name & Location:      California Bank & Trust
                                 100 Wilshire Blvd, Santa Monica, CA 90401

---

*    All receipts must be deposited into the general account.
**   Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
     to whom, terms, and date of Court Order or Report of Sale.
***This amount should be the same as the total from page 2.

## TOTAL DISBURSEMENTS FROM DIP CHECKING ACCOUNT #2 FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 |

**P27**

DIP CHECKING ACCOUNT #2

BANK RECONCILIATION

Bank statement Date: ___9/22/2017___   Balance on Statement: ___$20,000.00___

Plus deposits in transit (a):

|  | Deposit Date | Deposit Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

TOTAL DEPOSITS IN TRANSIT | | | 0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

TOTAL OUTSTANDING CHECKS: | | | 0.00

Bank statement Adjustments: _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE: | | | $20,000.00

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

**P28**

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
## AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| Lincoln AFS | Monthly | 644.98 | 0 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## V. INSURANCE COVERAGE

| | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | | | | |
| Worker's Compensation | | | | |
| Casualty | | | | |
| Vehicle | GEICO | 100,000/300,000/100,000 | 10/28/2017 | 9/30/2017 |
| Others: | Travelers (Homeowners) | 2,808,000 | 7/15/2017 | 7/15/2018 |
| | | | | |

P29

## I.D SUMMARY SCHEDULE OF CASH

**ENDING BALANCES FOR THE PERIOD:**

(Provide a copy of monthly account statements for each of the below)

| | |
|---|---|
| General Account: | 50,223.71 |
| SSA Deposit Account | 3.75 |
| Checking Account #2 | 20,000.00 |

\*Other Accounts:

\*Other Monies:

| | |
|---|---|
| \*\*Petty Cash (from below): | 0.00 |

**TOTAL CASH AVAILABLE:**                          70,227.46

**Petty Cash Transactions:**

| Date | Purpose | Amount |
|------|---------|--------|
| NONE | | |

**TOTAL PETTY CASH TRANSACTIONS:**                          0.00

\* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#
\*\* Attach Exhibit Itemizing all petty cash transactions

**P30**

## VI.  UNITED STATES TRUSTEE QUARTERLY FEES
### (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 30-Jun-2017 | 0.00 | 325.00 | 22-Jul-2017 | 325.00 | 0.00 |
| 30-Sep-2017 | 69,940.69 | 650.00 | | | 650.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |

\* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

**P31**

## VI SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| NONE | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VII. SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| NONE | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

**P32**

UNITED STATES DEPARTMENT OF JUSTICE

OFFICE OF THE UNITED STATES TRUSTEE

CENTRAL DISTRICT OF CALIFORNIA

| In Re: | CHAPTER 11 (NON-BUSINESS) | |
|---|---|---|
| Barry I Judenfriend and Jacqueline A Judenfriend | Case Number: | 2:17-bk-17890-SK |
| | Operating Report Number: | 3 |
| Debtor(s). | For the Month Ending: | 8/31/2017 |

## I. CASH RECEIPTS AND DISBURSEMENTS
## A. (GENERAL ACCOUNT*)

| | |
|---|---|
| 1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | 5,829.00 |
| 2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | 5,798.66 |
| 3. BEGINNING BALANCE: | 30.34 |
| 4. RECEIPTS DURING CURRENT PERIOD: | 131,443.55 |
| 5. BALANCE: | 131,473.89 |
| 6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD | 64,198.39 |
| 7. ENDING BALANCE: | 67,275.50 |

8. General Account Number(s):     xxx1093

Depository Name & Location:     California Bank & Trust
100 Wilshire Blvd, Santa Monica, CA 90401

\* All receipts must be deposited into the general account.

\*\* Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold, to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

EXHIBIT D

P33

## TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 8/3/2017 | debit | Peet's | Meals & Entertainment | 2.10 |
| 8/3/2017 | debit | Peet's | Meals & Entertainment | 2.95 |
| 8/7/2017 | debit | Peet's | Meals & Entertainment | 2.10 |
| 8/7/2017 | debit | Dagwoods Pizza | Meals & Entertainment | 21.00 |
| 8/8/2017 | 161 | Ed's Spa Service | Household Maintenance | 150.00 |
| 8/10/2017 | debit | Fazio Cleaners | Cleaning | 8.68 |
| 8/10/2017 | debit | ATM Withdrawal | Personal Miscellaneous | 43.00 |
| 8/10/2017 | debit | ATM Withdrawal | Personal Miscellaneous | 263.00 |
| 8/10/2017 | debit | Transaction Fee | Bank Fees | 1.00 |
| 8/10/2017 | debit | Transaction Fee | Bank Fees | 1.00 |
| 8/11/2017 | debit | Henri Salon | Personal Miscellaneous | 140.00 |
| 8/11/2017 | debit | Fazio Cleaners | Cleaning | 33.56 |
| 8/14/2017 | debit | European Wax Center | Personal Miscellaneous | 49.00 |
| 8/14/2017 | debit | California Chicken Café | Meals & Entertainment | 22.00 |
| 8/14/2017 | debit | Ralphs | Groceries | 20.48 |
| 8/14/2017 | debit | Il Fornaio | Meals & Entertainment | 42.00 |
| 8/14/2017 | debit | Al's Café | Meals & Entertainment | 27.79 |
| 8/14/2017 | debit | 26th Street Auto Center | Automobile Expense | 40.00 |
| 8/14/2017 | debit | ATM Withdrawal | Personal Miscellaneous | 43.00 |
| 8/14/2017 | debit | Transaction Fee | Bank Fees | 1.00 |
| 8/15/2017 | debit | Wire Fee | Bank Fees | 14.00 |
| 8/15/2017 | debit | Marriott | San Diego: family life cycle event | 604.23 |
| 8/15/2017 | debit | Santa Monica Pizza | Meals & Entertainment | 34.80 |
| 8/15/2017 | debit | So Cal Gas | Utilities | 73.50 |
| 8/15/2017 | debit | VCA | Veterinarian | 107.00 |
| 8/15/2017 | 162 | Alvarado Pool Service | Pool Service | 125.00 |
| 8/16/2017 | debit | Vicente Foods | Groceries | 38.30 |
| 8/16/2017 | debit | Trader Joe's | Groceries | 86.03 |
| 8/16/2017 | debit | Ralphs | Groceries | 27.69 |
| 8/17/2017 | debit | U-Haul Moving & Storage | Storage | 108.66 |
| 8/17/2017 | debit | Staples | Personal Miscellaneous | 83.02 |
| 8/17/2017 | debit | Vitamin Shoppe | Personal Miscellaneous | 19.82 |
| 8/17/2017 | debit | Vicente Foods | Groceries | 20.45 |
| 8/17/2017 | debit | Pharmaca Integrative | Medical | 7.82 |
| 8/18/2017 | debit | Verizon | Telephone | 65.00 |
| 8/18/2017 | debit | Lenny's Deli | Meals & Entertainment | 38.51 |
| 8/18/2017 | debit | ATM Withdrawal | Personal Miscellaneous | 100.00 |
| 8/18/2017 | 102 | William Lane & Assoc | Appraisal for Nimrod Property | 1,500.00 |
| 8/18/2017 | 191 | VCA | Veterinarian | 832.91 |
| 8/18/2017 | w/draw | Withdrawal | Gardener | 250.00 |
| 8/18/2017 | w/draw | Brentwood Apt cashiers check | Held for rent payment | 6,889.00 |

**P34**

| 8/21/2017 | debit | Votre Sante | Meals & Entertainment | 25.64 |
|---|---|---|---|---|
| 8/21/2017 | debit | 26th Street Auto Center | Automobile Expense | 60.00 |
| 8/21/2017 | debit | Conserv Fuel | Automobile Expense | 19.78 |
| 8/21/2017 | debit | 99 Cents Only | Personal Miscellaneous | 23.23 |
| 8/21/2017 | debit | Landmark | Meals & Entertainment | 25.00 |
| 8/21/2017 | debit | CVS | Medical | 10.74 |
| 8/21/2017 | debit | ATM Withdrawal | Personal Miscellaneous | 40.00 |
| 8/22/2017 | debit | Vicente Foods | Groceries | 37.23 |
| 8/22/2017 | debit | Sprint | Telephone | 77.29 |
| 8/22/2017 | debit | Vicente Foods | Groceries | 13.05 |
| 8/22/2017 | debit | Soup Plantation | Meals & Entertainment | 14.19 |
| 8/22/2017 | debit | Walgreens | Medical | 9.28 |
| 8/22/2017 | debit | Trader Joe's | Groceries | 97.83 |
| 8/22/2017 | debit | Trader Joe's | Groceries | 4.54 |
| 8/22/2017 | w/draw | Chase - cashier's check | Held for mortgage payment | 12,233.74 |
| 8/23/2017 | w/draw | Transfer to new DIP savings acct | DIP Savings Account xxx1150 | 20,000.00 |
| 8/23/2017 | w/draw | Chase - cashier's check | Held for mortgage payment | 12,233.74 |
| 8/23/2017 | debit | Ralphs | Groceries | 17.04 |
| 8/23/2017 | debit | Whole Foods | Groceries | 8.99 |
| 8/23/2017 | debit | Vicente Foods | Groceries | 24.89 |
| 8/24/2017 | debit | So Cal Gas | Utilities | 201.50 |
| 8/24/2017 | debit | ATM Withdrawal | Personal Miscellaneous | 43.00 |
| 8/24/2017 | debit | Transaction Fee | Bank Fees | 1.00 |
| 8/24/2017 | debit | Lincoln Financial | Auto Lease | 644.98 |
| 8/25/2017 | debit | Izzy's Deli | Meals & Entertainment | 21.49 |
| 8/25/2017 | debit | Conserv Fuel | Automobile Expense | 30.08 |
| 8/25/2017 | debit | Fromin's | Meals & Entertainment | 21.40 |
| 8/25/2017 | debit | Cash | Personal Miscellaneous | 750.00 |
| 8/28/2017 | debit | S. Beverly Grill | Meals & Entertainment | 51.00 |
| 8/28/2017 | debit | Vicente Foods | Groceries | 43.88 |
| 8/28/2017 | debit | Ralphs | Groceries | 48.34 |
| 8/28/2017 | debit | The Palace | Meals & Entertainment | 29.57 |
| 8/28/2017 | debit | CVS | Medical | 14.44 |
| 8/28/2017 | debit | CVS | Medical | 22.31 |
| 8/29/2017 | debit | CVS | Medical | 10.49 |
| 8/30/2017 | debit | R+D Kitchen | Meals & Entertainment | 88.33 |
| 8/30/2017 | debit | Pavilions | Groceries | 16.04 |
| 8/30/2017 | debit | GEICO | Auto Insurance | 118.32 |
| 8/30/2017 | debit | Meridith Baer | Staging for Nimrod Open House | 5,000.00 |
| 8/30/2017 | debit | CVS | Medical | 22.14 |
| 8/31/2017 | debit | California Chicken Café | Meals & Entertainment | 24.75 |
| 8/31/2017 | debit | Ralphs | Groceries | 79.73 |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 64,198.39 |

**P35**

Case 2:17-bk-17890-SK   Doc 113   Filed 09/15/17   Entered 09/15/17 16:30:54   Desc
Main Document    Page 4 of 20

GENERAL ACCOUNT

BANK RECONCILIATION

| | | | |
|---|---|---|---|
| Bank statement Date: | 8/21/2017 | Balance on Statement: | $86,274.62 |

Plus deposits in transit (a):

| | Deposit Date | Deposit Amount |
|---|---|---|
| | 8/23/2017 | 1,709.00 |
| | 8/24/2017 | 31,346.48 |
| | | |
| | | |
| | | |
| | | |

TOTAL DEPOSITS IN TRANSIT                                    33,055.48

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| debit | 8/22/2017 | 37.23 |
| debit | 8/22/2017 | 77.29 |
| debit | 8/22/2017 | 13.05 |
| debit | 8/22/2017 | 14.19 |
| debit | 8/22/2017 | 9.28 |
| debit | 8/22/2017 | 97.83 |
| debit | 8/22/2017 | 4.54 |
| w/draw | 8/22/2017 | 12,233.74 |
| w/draw | 8/23/2017 | 20,000.00 |
| w/draw | 8/23/2017 | 12,233.74 |
| debit | 8/23/2017 | 17.04 |
| debit | 8/23/2017 | 8.99 |
| debit | 8/23/2017 | 24.89 |
| debit | 8/24/2017 | 201.50 |
| debit | 8/24/2017 | 43.00 |
| debit | 8/24/2017 | 1.00 |
| debit | 8/24/2017 | 644.98 |
| debit | 8/25/2017 | 21.49 |
| debit | 8/25/2017 | 30.08 |
| debit | 8/25/2017 | 21.40 |
| debit | 8/25/2017 | 750.00 |
| debit | 8/28/2017 | 51.00 |
| debit | 8/28/2017 | 43.88 |
| debit | 8/28/2017 | 48.34 |
| debit | 8/28/2017 | 29.57 |
| debit | 8/28/2017 | 14.44 |
| debit | 8/28/2017 | 22.31 |

| | | |
|---|---|---|
| debit | 8/29/2017 | 10.49 |
| debit | 8/30/2017 | 88.33 |
| debit | 8/30/2017 | 16.04 |
| debit | 8/30/2017 | 118.32 |
| debit | 8/30/2017 | 5,000.00 |
| debit | 8/30/2017 | 22.14 |
| debit | 8/31/2017 | 24.75 |
| debit | 8/31/2017 | 79.73 |

TOTAL OUTSTANDING CHECKS:                           52,054.60

Bank statement Adjustments:
Explanation of Adjustments-


ADJUSTED BANK BALANCE:                           $67,275.50

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

**P37**

## I. CASH RECEIPTS AND DISBURSEMENTS
### B. (SSA DEPOSIT ACCOUNT*)

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS                2,217.00

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL                      2,211.75
ACCOUNT REPORTS

3. BEGINNING BALANCE:                                                      5.25

4. RECEIPTS DURING CURRENT PERIOD:

5. BALANCE:                                                               5.25

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD                        1.50

7. ENDING BALANCE:                                                        3.75

8. General Account Number(s):            xxx7508

   Depository Name & Location:           U.S. Bank
                                         11777 San Vicente Blvd, Los Angeles, CA 90049

---

\*   All receipts must be deposited into the general account.

\*\*  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
     to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

EX1

**P38**

TOTAL DISBURSEMENTS FROM SSA DEPOSIT ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 8/25/2017 | debit | Parking | Parking | 1.00 |
| 8/30/2017 | debit | Parking | Parking | 0.50 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 1.50 |

**P39**

## SSA DEPOSIT ACCOUNT
## BANK RECONCILIATION

| | | |
|---|---|---|
| Bank statement Date: | 8/30/2017 | Balance on Statement: | $3.75 |

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |

**TOTAL DEPOSITS IN TRANSIT**          0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**TOTAL OUTSTANDING CHECKS:**          0.00

Bank statement Adjustments:
Explanation of Adjustments-

**ADJUSTED BANK BALANCE:**          $3.75

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

Case 2:17-bk-17890-SK   Doc 113   Filed 09/15/17   Entered 09/15/17 16:30:54   Desc
Main Document   Page 9 of 20

## I. CASH RECEIPTS AND DISBURSEMENTS
### C. (DIP CHECKING ACCOUNT #2*)

| | | |
|---|---|---|
| 1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | | 0.00 |
| 2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | | 0.00 |
| 3. BEGINNING BALANCE: | | 0.00 |
| 4. RECEIPTS DURING CURRENT PERIOD: | | 20,000.00 |
| 5. BALANCE: | | 20,000.00 |
| 6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD | | 0.00 |
| 7. ENDING BALANCE: | | 20,000.00 |

8. General Account Number(s):      xxx1150

     Depository Name & Location:      California Bank & Trust
     100 Wilshire Blvd, Santa Monica, CA 90401

\*  All receipts must be deposited into the general account.

\*\*  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold, to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

Case 2:17-bk-17890-SK   Doc 113   Filed 09/15/17   Entered 09/15/17 16:30:54   Desc
Main Document   Page 10 of 20

TOTAL DISBURSEMENTS FROM DIP CHECKING ACCOUNT #2 FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 |

DIP CHECKING ACCOUNT #2

BANK RECONCILIATION

Bank statement Date: _____    Balance on Statement:    $20,000.00

No statement received yet - statement period is 8/12/17 - 9/12/17

Opening deposit ($20,000 transfer from Operating Account) on 8/23/17

Plus deposits in transit (a):

| Deposit Date | Deposit Amount | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL DEPOSITS IN TRANSIT                                                    0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:                                                    0.00

Bank statement Adjustments:                                        _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                              $20,000.00

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

**P43**

## II.  STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| Lincoln AFS | Monthly | 644.98 | 0 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## V. INSURANCE COVERAGE

| | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | | | | |
| Worker's Compensation | | | | |
| Casualty | | | | |
| Vehicle | GEICO | 100,000/300,000/100,000 | 10/28/2017 | 8/31/2017 |
| Others: | Travelers (Homeowners) | 2,808,000 | 7/15/2017 | 7/15/2018 |
| | | | | |

**P44**

## I.D SUMMARY SCHEDULE OF CASH

**ENDING BALANCES FOR THE PERIOD:**

(Provide a copy of monthly account statements for each of the below)

|  |  |
|---|---|
| General Account: | 67,275.50 |
| SSA Deposit Account | 3.75 |
| Checking Account #2 | 20,000.00 |

*Other Accounts:

*Other Monies:

| **Petty Cash (from below): | 0.00 |

**TOTAL CASH AVAILABLE:** | 87,279.25

**Petty Cash Transactions:**

| Date | Purpose | Amount |
|------|---------|--------|
| NONE |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**TOTAL PETTY CASH TRANSACTIONS:** | 0.00

* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#
** Attach Exhibit Itemizing all petty cash transactions

**P45**

## VI.  UNITED STATES TRUSTEE QUARTERLY FEES
### (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 30-Jun-2017 | 0.00 | 325.00 | 22-Jul-2017 | 325.00 | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

## VI SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| NONE | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VII. SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| NONE | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

## XI. QUESTIONNAIRE

|  |  | No | Yes |
|---|---|---|---|
| 1. | Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court?  If "Yes", explain below: | X | |

|  |  | No | Yes |
|---|---|---|---|
| 2. | Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization?  If "Yes", explain below: | X | |

3. State what progress was made during the reporting period toward filing a plan of reorganization:

Debtors' case was filed on June 28, 2017 to avert a scheduled nonjudicial foreclosure sale on Debtors' residence located at 13108 Nimrod Place, LA 90049 ("Nimrod"). Per Court approval, Debtors employed a real estate broker to market, list and sell Nimrod, which was their primary asset and believed to have substantial equity, on or about August 17, 2017. The sale of the residence was expected to generate proceeds sufficient to pay their undisputed secured, administrative priority and general unsecured claims. However, secured creditor Kelly J. Dube moved for relief from the stay on July 24, 2017 in order to resume his prepetition nonjudicial foreclosure sale on Nimrod, setting the hearing on August 24, 2017. After extensive opposition by Debtors and Dube's reply, the Bankruptcy Court heard Dube's motion on August 24, 2017 and granted Dube's motion for relief from the stay for lack of adequate protection based on an insufficient equity cushion. Debtors continued to market Nimrod and conducted a number of open houses and showings during the last week of August and the first 10 days of September.

4. Describe potential future developments which may have a significant impact on the case:
   See response to No. 3, supra.
5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

   Attached

|  |  | No | Yes |
|---|---|---|---|
| 6. | Did you receive any exempt income this month, which is not set forth in the operating report?  If "Yes", please set forth the amounts and sources of the income below. | X | |

We, Barry I Judenfriend and Jaqueline A Judenfriend, declare under penalty of perjury that we have fully read and understood the foregoing Debtor-In-Possession operating report and that the information contained herein is true and complete to the best of our knowledge.

9/15/17
Date _____                _____ Debtor-in-Possession

9/15/17
Date _____                _____ Debtor-in-Possession

Page 16 of 16

**P48**

Case 2:17-bk-17890-SK    Doc 123    Filed 09/25/17    Entered 09/25/17 09:30:24    Desc
Main Document    Page 17 of 20

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kathleen P. March (CA Bar No. 80366)<br><br>THE BANKRUPTCY LAW FIRM, P.C.<br><br>10524 W. Pico Boulevard, Suite 212.<br><br>Los Angeles, CA 90064<br><br>Phone (310) 559-9224   Fax (310) 559-9133<br><br>E-mail: kmarch@BKYLAWFIRM.com<br><br>☑ *Attorney for Movant Kelly Dube (dba CFIS)*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**AUG 25 2017**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY carranza  DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –Los Angeles DIVISION**

| In re:<br><br><br>BARRY I. JUDENFRIEND<br>JACQUELINE A. JUDENFRIEND<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-17890-SK<br>CHAPTER: 11<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: August 24, 2017 (contd to 8/24/17 from 8/23/17)<br>TIME: 8:30am<br>COURTROOM: 1575 of Judge Sandra Klein<br>PLACE: 255 E. Temple St., LA, CA 90012 |
|---|---|
| **Movant:** Kelly Dube (dba CFIS) | |

1.  The Motion was:    ☑ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2.  The Motion affects the following real property (Property):

   *Street address*:    <u>13108 Nimrod Place</u>
   *Unit/suite number*:
   *City, state, zip code*:   <u>Los Angeles, CA 90049</u>
   Legal description or document recording number (including county of recording): APN: 4407-0011-021

   ☐ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 1                                F 4001-1.RFS.RP.ORDER
**P49**

Case 2:17-bk-17890-SK   Doc 123   Filed 09/25/17   Entered 09/25/17 06:59:24   Desc
Main Document   Page 12 of 20

3. The Motion is granted under:

   a. ☑ 11 U.S.C. § 362(d)(1)

   b. ☐ 11 U.S.C. § 362(d)(2)

   c. ☐ 11 U.S.C. § 362(d)(3)

   d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

      (2) ☐ Multiple bankruptcy cases affecting the Property.

      (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make
a finding that the Debtor was involved in this scheme.

      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☑ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☑ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☑ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                Page 2              F 4001-1.RFS.RP.ORDER

**P50**

Case 2:17-bk-17890-SK    Doc 123    Filed 09/25/17    Entered 09/25/17 16:50:44    Desc
Main Document    Page 19 of 20

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐  without further notice.

    (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐  This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐  This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐  without further notice.

    (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐  This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐  without further notice.

    (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐  Other (*specify*):

###

Date: August 25, 2017

_Sandra R. Klein_
Sandra R. Klein
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 3                                    F 4001-1.RFS.RP.ORDER
**P51**

**PROOF OF SERVICE**

I hereby certify that a copy of the Monthly Operating Report was e-mailed to the United States Trustee.

Dated:    9/15/2017

**Paul A. Beck**
Print or Type Name

Signature

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10524 W. Pico Blvd., Suite 212, Los Angeles, CA 90064**

A true and correct copy of the foregoing document entitled (*specify*):   **FIRST GREEN NIMROD, LLC, A CA LLC'S *REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE*, OF $500 PER DAY, REPRESENTING DAILY RENTAL VALUE FOR NIMROD PROPERTY, FROM 9/12/17, WHEN FIRST GREEN NIMROD BECAME OWNER OF NIMROD, UNTIL ALL JUDENFRIENDS (BARRY, JACQUELINE, JUSTIN AND JORDAN) VACATE NIMROD; DECLARATION OF KELLY DUBE W/EXHIBITS**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  _11/03/17__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Paul A Beck**     pab@pablaw.org (Debtors' Counsel of record)
**Joseph P Buchman**     jbuchman@bwslaw.com, svasquez@bwslaw.com, (State Court Counsel for Kelly Dube)
**Todd S Garan**     ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com (Courtesy Notice)
**Denice Gaucin**     denice@evict123.com (Creditor moving for UD RFStay)
**Lewis R Landau**     Lew@Landaunet.com (Creditor moving for UD RFStay)
**Dare Law**     dare.law@usdoj.gov, Kenneth.G.Lau@usdoj.gov;Alvin.mar@usdoj.gov;hatty.yip@usdoj.gov (Counsel for US Trustee)
**Kathleen P March**     kmarch@bkylawfirm.com, kmarch3@sbcglobal.net (Counsel for Creditor Kelly Dube- 2nd & 3rd DOT)
**Randall P Mroczynski**     randym@cookseylaw.com (Courtesy Notice)
**Richard J Reynolds**     rreynolds@bwslaw.com, psoeffner@bwslaw.com;tmims@bwslaw.com;rjr-nef@bwslaw.com;fcabezas@bwslaw.com (State Court Counsel for Kelly Dube)
**Valerie Smith**     claims@recoverycorp.com (Courtesy Notice)
**United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov (US Trustee's Notice)

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  _11/03/17_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Note: This service list includes the 20 largest unsecured creditors per list filed by Debtors

| | |
|---|---|
| Barry I. Judenfriend & Jacqueline A. Judenfriend (Debtors)<br>11693 San Vicente Blvd, #191<br>Los Angeles, CA 90049 | Paul Margolis<br>Compass Beverly Hills<br>9454 Wilshire Boulevard, Fourth Floor<br>Beverly Hills, CA 90212 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Justin Judenfriend<br>13108 Nimrod Place<br>Los Angeles, CA 90049-3633 | **Whole Creditor Matrix to addresses listed on attached sheet** |
| FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812-2952 | Portfolio Recovery Associates, LLC<br>C/O capital One Bank (usa), N.a.<br>POB 41067<br>Norfolk VA 23541 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 11/03/2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Sandra Klein
US Bankruptcy Court
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/03/17 | Kathleen P. March | /s/ Kathleen P. March |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:17-bk-17890-SK
Central District of California
Los Angeles
Fri Nov  3 14:21:29 PDT 2017

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

AT&T
Acct No 8905
P.O. Box 537104
Atlanta, GA 30353-7104

AWA Collections
Acct No xxxxxx4168
P.O. Box 6605
Orange, CA 92863-6605

Anthem
C/O Kiesel Law
8648 Wilshire Blvd
Beverly Hills, CA 90211-2910

(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

Barclays Bank
Acct No xxxxxxx6563
P.O. Box 8803
Wilmington, DE 19899-8803

Barclays Bank
Acct No xxxxxxx8654
125 S West St
Wilmington, DE 19801-5014

Brentwood West Apts
Andrew Weisman
809 S Gretna Green Way
Los Angeles, CA 90049-5248

CFIS
P.O. Box 6390
Beverly Hills, CA 90212-1390

CMRE Financial Services
C/O Kiesel Law
8648 Wilshire Blvd
Beverly Hills, CA 90211-2910

Caine & Weiner
Acct No 1164
15025 Oxnard St #100
Van Nuys, CA 91411-2640

Capital One
Acct No xxxxxxxxx5359
P.O. Box 30281
Salt Lake City, UT 84130-0281

Capital One
Acct No xxxxxxxxx7349
P.O. Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

CashCall, Inc.
C/O WEINSTEIN & RILEY, PS
2001 WESTERN AVE., STE 400
SEATTLE, WA 98121-3132

Cashcall
Acct No 2802
1 City Blvd W
Orange, CA 92868-3621

Chase
Acct No 2733
P.O. Box 659754
San Antonio, TX 78265-9754

Chase
Acct No xxxx-xxxx-xxxx-6386
P.O. Box 15298
Wilmington, DE 19850-5298

Chase
Acct No xxxxxx0908
P.O. Box 24696
Columbus, OH 43224-0696

Chase Bank
Acct No xxxxxxxxx0131
P.O. Box 15298
Wilmington, DE 19850-5298

Credit One Bank
Acct No xxxxxxxx3261
P.O. Box 98872
Las Vegas, NV 89193-8872

Department of the Treasury
Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Designed Receivable Solutions
Acct No xxxxxxxxx0495
1 Centerpoint Dr #450
La Palma, CA 90623-1089

Dominick Mormile
10787 Wilshire Blvd #1004
Los Angeles, CA 90024-4466

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

First Green Nimrod LLC, A CA LLC
c/o The Bankruptcy Law Firm PC
10524 W Pico Blvd Ste 214
Los Angeles, CA 90064-2346

First Premier Bank
Acct No xxxxxxxx1501
3820 N Louise Ave
Sioux Falls, SD 57107-0145

Franchise Tax Board
Special Procedures
P.O. Box 2952
Sacramento, CA 95812-2952

JPMorgan Chase Bank, N.A.
Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe LA 71203-4774

**P55**

Joel Z Scherr, RPT, Inc.
8635 W 3rd St #465W
Los Angeles, CA 90048-6111

Jordan Judenfriend
13108 Nimrod Place
Los Angeles, CA 90049-3633

Katchlo, Vitiello & Karikomi
11500 W Olympic Blvd. #512
Los Angeles, CA 90064-1537


Kelly Dube  dba CFIS
P.O. Box 6390
Beverly Hills, CA 90212-1390

Kendall County Development Co
P.O. Box 1441
Boerne, TX 78006-1441

Kiesel Law
8648 Wilshire Blvd
Beverly Hills, CA 90211-2910


Kroger
P.O. Box 30650
Salt Lake City, UT 84130-0650

LVNV Funding LLC
Acct No xxxxxxxx3261
Resurgent Capital Services
P.O. Box 10497 MS 576
Greenville, SC 29603-0497

LVNV Funding, LLC its successors and assigns
assignee of FNBM, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587


Lincoln Automotive Finance
Acct No xxxx9941
National Bankruptcy Service Center
P.O. Box 62180
Colorado Springs, CO 80962-2180

Lincoln Automotive Finance
National Bankruptcy Service Center
P.O. Box 62180
Colorado Springs, CO 80962-2180

Michael Shalit
110 Axis Circle
Boerne, TX 78006-9468


Mortgage Wars LLC
C/O CSC Lawyers Incorporating Svc
2710 Gateway Oaks Dr Ste 150N
Sacramento, CA 95833-3502

National Credit Adjusters
Acct No xxxxxxx2581
327 W 4th Ave
Hutchinson, KS 67501-4842

National Mortgage Resources, Inc.
C/O Jeff Sedaca
11661 San Vicente Blvd #609
Los Angeles, CA 90049-5114


Nicholas Barton
2001 Wilshire Blvd #320
Santa Monica, CA 90403-5683

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Plaintiff Funding Holdings, Inc.
dba LawCash
26 Court Street #1104
Brooklyn, NY 11242-1111


Portfolio Recoveries Associates
Acct No xxxxxxxx4190
120 Corporate Blvd #100
Norfolk, VA 23502-4952

Portfolio Recoveries Associates
Acct No xxxxxxxx9067
120 Corporate Blvd #100
Norfolk, VA 23502-4952

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067


Progressive Insurance
Acct No 1164
P.O. Box 31260
Tampa, FL 33631-3260

Santa Monica Jewelry & Loan
408 Broadway
Santa Monica, CA 90401-2314

SchoolsFirst FCU
P.O. Box 11547
Santa Ana, CA 92711-1547


Schoolsfirst FCU
Acct No xxx4032
P.O. Box 11547
Santa Ana, CA 92711-1547

Schoolsfirst FCU
Acct No xxxxxxxx1374
P.O. Box 11547
Santa Ana, CA 92711-1547

Sequoia Financial
Acct No xxxxxxxx4144
28632 Roadside Dr #110
Agoura Hills, CA 91301-6074


Sequoia Financial
Acct No xxxxxxxxxxxx7156
28632 Roadside Dr #110
Agoura Hills, CA 91301-6074

Steve Miller
C/O Jeff Sedaca
11661 San Vicente Blvd #609
Los Angeles, CA 90049-5114

Teachers' Retirement System of NY
Linebarger Goggan Blair & Sampson
61 Broadway Ste 2600
New York, NY 10006-2840

Torgan Beard Fernandez
22600 Ventura Blvd.
Woodland Hills, CA 91364-1461

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

University Credit Union
C/O Pizer & Associates
9601 Wilshire Blvd. #560
Beverly Hills, CA 90210-5220


Wells Fargo
Acct No xxxxxxxx0030
P.O. Box 14517
Des Moines, IA 50306-3517

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Westside Recovery Svcs
Acct No xxxxx43N1
4444 W Riverside Dr #300
Burbank, CA 91505-4048


Barry I Judenfriend
11693 San Vicente Blvd, #191
Los Angeles, CA 90049-5105

Jacqueline A Judenfriend
11693 San Vicente Blvd #191
Los Angeles, CA 90049-5105

Kelly Dube
P.O. Box 6390
Beverly Hills, CA 90212-1390


Paul Margolis
Compass Beverly Hills
9454 Wilshire Boulevard, Fourth Floor
Beverly Hills, CA 90212-2931

Paul A Beck
Law Offices of Paul A Beck APC
13701 Riverside Dr Ste #202
Sherman Oaks, CA 91423-2447


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


BMW Financial
Acct No xx0173
P.O. Box 3608
Dublin, OH 43016

Portfolio Recovery Associates, LLC
C/O capital One Bank (usa), N.a.
POB 41067
Norfolk VA 23541


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Courtesy NEF

(u)Andrew Weissman

End of Label Matrix
Mailable recipients        70
Bypassed recipients         2
Total                      72

**P57**